Isaac Brokaw *et al.*, Appellants, *v.* Charles L. Kelsey, Appellee.

APPEAL FROM BUREAU.

A plea which avers payment of a note by means of a deed of trust given to secure its payment, is bad.
A plea which avers that the defendant is only the security in the note, and that he received no consideration for his suretyship, is bad.

The opinion of the court gives a statement of this case.

J. S. Eckels, for Appellants.

M. T. Peters, for Appellee.

Breese, J. This is an action of assumpsit, on a promissory note made by the defendants to one A. A. Webber, and by him assigned to the plaintiff. The declaration is in the usual form, and contains two special counts on the note, and the common money counts. A demurrer by defendants was overruled, whereupon they filed five special pleas, to which several demurrers were sustained, and judgment on the demurrer for the plaintiff for his damages, and an appeal taken to this court.

The questions arise on the sufficiency of these pleas, each and all of them.

The first and second pleas, it will be seen, besides being inartificially drawn, and containing much argumentative matter, seek to establish payment of the note by the execution of a deed of trust to Webber by Isaac Brokaw, to secure its payment.

It is very plain this is not a payment in fact or in law. It is the usual security on a loan of money; it is not satisfaction of a debt due, but security merely.

. The third plea is liable to the same objections, and to the additional one, that it sets up a contract void by the statute of Frauds, and is argumentative, unintelligible, and not good in form or substance.

The fourth plea sets up that A. S. Brokaw is only the security in the note, and that he received no consideration for his suretyship. This is immaterial. None need be shown.

The last plea does not show in what the fraud and misrepresentation consisted, and is as defective as the others, and they are all liable to the objections pointed out.

The judgment is affirmed.

*Judgment affirmed.*